**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MOUSSA CHAFIC MANSOUR, <br> 24 Bruce Lane <br> Newton, MA 02458 <br><br> DANIA MOHAMAD GHALEB ALI AHMAD <br> 24 Bruce Lane <br> Newton, MA 02458 <br><br>              Plaintiffs, <br><br>      v. <br><br> EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529 <br><br> ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation <br> J. Edgar Hoover Building <br> 935 Pennsylvania Avenue, N.W. <br> Washington, DC 20535 <br><br> MICHAEL CHERTOFF, Secretary <br> U.S. Department of Homeland Security <br> 425 Murray Drive, Building 410 <br> Washington, DC 20528 <br><br>              Defendants. | **COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS** |

—1—

Plaintiffs, by and through their undersigned counsel, sue the Defendants and allege as follows:

## INTRODUCTION

1. This is an action for declaratory relief in the nature of mandamus, to compel the Defendants to act on Plaintiffs' applications for permanent resident status (Form I-485) filed with the Defendants. Plaintiffs' applications were filed on November 22, 2004, and have now been pending for over three (3) years. These applications are within the jurisdiction of the Defendants, who have failed to adjudicate them to Plaintiffs' detriment.

## JURISDICTION

2. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question jurisdiction) as a civil action arising under the Constitution of the United States and the Immigration and Nationality Act (INA) codified at 8 U.S.C. § 1101 et seq.; and under 5 U.S.C. §§ 555, 701 et. seq. (Administrative Procedure Act or APA) as an action to compel agency action unlawfully withheld or unreasonably delayed; and pursuant 28 U.S.C. § 1361 (mandamus statute) as an action to compel an officer or employee of the United States to perform a duty owed to the Plaintiffs.

## EXHAUSTION OF REMEDIES

3. There are no administrative remedies available to address Defendants' failure to adjudicate the Plaintiffs' pending I-485 applications. Plaintiffs have made inquiries on the status of their pending applications, however no administrative remedies are available to address the Defendants' failure to complete the required security checks and adjudicate the Plaintiffs' applications.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), as amended, which provides that in a civil action in which each Defendant is an officer or employee of the United States acting in his official capacity, or any agency of the United States, the action may be brought in any judicial district in which a Defendant in the action resides or where a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred. Venue is proper in this Court under 28 U.S.C. §1391(e) because this is a civil action in which Emilio T. Gonzalez, Robert S. Mueller III, and Michael Chertoff are officers of the United States acting in their official capacities within this judicial district. Additionally, substantial portions of the events and omissions giving rise to Plaintiffs' claims

occurred within this judicial district as the USCIS and FBI policy regarding security checks for immigration applications originates from the agencies' headquarters located in Washington D.C.

**PLAINTIFFS**

5.  Plaintiff Moussa Chafic Mansour is a native and citizen of Lebanon. He currently resides in Newton, Massachusetts and is employed as a Clinical and Research Cardiologist for the Massachusetts General Hospital and Harvard Medical School. Dr. Mansour's application for permanent residence is based on an approved immigrant visa petition filed by his employer.

6.  Plaintiff Dania Mohamad Ghaleb Ali Ahmad is a native and citizen of Lebanon. She resides in Newton, Massachusetts with her husband Plaintiff Moussa Mansour and is employed as a Pediatrician and Pediatric Infectious Disease Specialist at Pediatric Associates of Chestnut Hill. Dr. Ali Ahmad has applied for permanent residence as a derivative of her husband's application.

//

//

//

-4-

## DEFENDANTS

7. Defendant Emilio T. Gonzalez is the Director of the USCIS, an agency of the United States government. As USCIS Director, Mr. Gonzalez has primary responsibility for the implementation of the immigration laws, and in particular the processing of applications for lawful permanent resident status. Mr. Gonzalez is sued in his official capacity.

8. Defendant Robert S. Mueller, III is the Director of the FBI. The FBI conducts certain background investigation duties in connection with immigration petitions and applications, including I-485 applications for lawful permanent resident status. In his capacity as Director, Mr. Mueller is responsible for the processing of all name and background checks in connection with Plaintiffs' applications filed with the USCIS. Mr. Mueller is sued in his official capacity.

9. Defendant Michael Chertoff is the Secretary of the United States Department of Homeland Security (DHS). In his capacity as Director, Mr. Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act.

//

## FACTUAL ALLEGATIONS

## DR. MOUSSA MANSOUR

10. In 1994, Dr. Mansour entered the United States to begin his medical residency. He lawfully entered the United States on a J-1 non-immigrant visa for exchange visitors pursuant to Immigration & Nationality Act (INA) § 101(a)(15)(J), also codified at 8 U.S.C. § 1101(a)(15)(K). J-1 classification is granted to a non-citizen who comes to the United States to teach, lecture, study, observe, conduct research, consult, train, or demonstrate a special skill. 22 C.F.R. § 62.1, et seq.

11. After his medical residency, Dr. Mansour went on to pursue a fellowship in cardiology at the State University of New York at Syracuse, and then a fellowship in clinical cardiac electrophysiology at Massachusetts General Hospital. During this time he maintained his status as a J-1 non-immigrant.

12. Dr. Mansour was sponsored for an O-1 non-immigrant visa by Massachusetts General Hospital after his fellowship. O-1 classification is granted to individuals with "extraordinary ability in the sciences, arts, education, business or athletics which has been demonstrated by sustained national or international acclaim." See 8 C.F.R. § 214.2(o)(1)(ii)(a)(2). Dr. Mansour was granted O-1 status from July 2001 until June 2004, and again from July 2004 until June 2005.

13. On November 22, 2004, Massachusetts General Hospital filed a petition for alien worker (Form I-140) with the USCIS' Vermont Service Center. On January 18, 2005, the USCIS approved the I-140 petition pursuant to INA § 203(b)(1)(B), which allocates immigrant visas for outstanding professors and researchers. INA § 203(b)(1)(B); 8 U.S.C. § 1153(b)(1)(B). (A copy of the I-140 approval notice is submitted as *Exhibit 1*).

14. Dr. Mansour submitted an application for lawful permanent resident status (Form I-485) to the USCIS Vermont Service Center on November 22, 2004. His application was later transferred to the USCIS Nebraska Service Center. This application remains pending. (A copy Dr. Mansour's I-485 receipt notice is submitted as *Exhibit 2*).

15. Dr. Mansour and his employer have made inquires regarding the status of his I-485 application through the office of Senator Edward Kennedy. They have been informed that one of the required security checks - the FBI name check - has not been completed.

**DR. ALI AHMAD**

16. Dr. Ali Ahmad entered the United States in 1995 to begin her medical residency at the State University of New York at Syracuse. She lawfully entered the United States on a J-1 non-immigrant visa for exchange visitors pursuant to

Immigration & Nationality Act (INA) § 101(a)(15)(J), also codified at 8 U.S.C. § 1101(a)(15)(K).

17. Dr. Ali Ahmad was married to Dr. Mansour in June of 1997 in New York. In August of 2001, after completing her fellowship, Dr. Ali Ahmad received an O-3 visa as a dependent of her husband. See 8 C.F.R. § 214.2(o)(6)(iv).

18. In 2004, Dr. Ali Ahmad was sponsored for an H-1B non-immigrant visa by Pediatric Associates of Chestnut Hill. H-1B nonimmigrant classification can be granted to an alien who will perform services in a specialty occupation which requires attainment of a baccalaureate of higher degree. 8 C.F.R. § 214.2(h). Her employer's H-1B petition was approved and she was granted H-1B non-immigrant status from February 12, 2004, until February 1, 2007.

19. On November 22, 2004, Dr. Ali Ahmad filed an I-485 application with the USCIS' Vermont Service Center as a dependant of her husband's application. Her application was later transferred to the USCIS Nebraska Service Center, where it remains pending. (A copy of Dr. Ali Ahmad's I-485 receipt notice is submitted as *Exhibit 2*).

20. Dr. Mansour's and Dr. Ali Ahmad's I-485 applications have now been pending for over three (3) years. The USCIS on-line processing times for the Vermont Service Center, where Plaintiffs' applications were initially filed, states that it is

processing employment-based I-485 applications filed in July 2006.[1] The USCIS on-line processing times for the Nebraska Service Center state that it is processing employment-based I-485 applications filed in April 2007.[2]

## CLAIMS FOR RELIEF

### Count One – Mandamus Action, 28 U.S.C. § 1361

21. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 20 above as though fully set forth herein.

22. The Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361, which provides the authority to compel Defendants to perform a duty owed to Plaintiffs.

23. Dr. Mansour is the beneficiary of an approved I-140 immigrant visa petition filed by his employer. As his wife, Dr. Ali Ahmad is a derivative beneficiary of this visa petition. Immigrant visas are immediately available to both Dr. Mansour and Dr. Ali Ahmad. Thus, pursuant to 8 U.S.C. § 1255(a), they are both eligible for adjustment of status to lawful permanent resident.

---

[1] See https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=VSC (accessed January 15, 2008)
[2] See https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC (accessed January 15, 2008).

–9–

24. The Plaintiffs properly filed I-485 applications with the USCIS on November 22, 2004. To date, the Defendants have failed to adjudicate Plaintiffs' I-485 applications.

25. The Defendants owe a duty under the Immigration and Nationality Act and under the regulations to adjudicate properly filed I-485 applications. See 8 U.S.C. § 1103 ("The Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens."); 8 C.F.R. § 245.6 ("Each applicant for adjustment of status…shall be interviewed by an immigration officer."); 8 C.F.R. § 245.2(A)(5)(i) ("…the applicant shall be notified of the decision of the director, and if the application is denied, the reasons for the denial").

26. The Defendants' failure to perform their statutory and regulatory duties is causing significant harm to Dr. Mansour and Dr. Ali Ahmad. For instance, as long as their applications for adjustment of status are pending, their ability to travel outside the United States is restricted by federal regulations, which require special permission (advance parole) to travel abroad while the applications are pending. 8 C.F.R. §245.2(a)(4). Departure from the United States without advance parole is considered an abandonment of the permanent resident application. Therefore, the Plaintiffs must file yearly applications to renew their advance parole, necessitating the expenditure of

resources for USCIS filing fees. The fee for advance parole was recently raised from $170 to $305 per application. Delays in processing Dr. Mansour's latest advance parole application resulted in a period of more than two months when he was unable to travel internationally. The fact that he could not travel caused a great deal of anxiety to Dr. Mansour because his mother lives in Lebanon and is suffering from lymphoma.

27.  The Plaintiffs must also incur the additional costs of having to renew their employment authorization documents on a yearly basis. 8 C.F.R. § 274a(12)(c)(9). The USCIS filing fee for employment authorization applications was recently raised from $170 to $340 per application. Delays in processing Dr. Ali Ahmad's latest application for employment authorization forced her to stop working for several days. This caused significant anxiety and inconvenience to both Dr. Ali Ahmad and the pediatric patients she treats.

28.  The Defendants' failure to perform their statutory and regulatory duties has also caused harm to Dr. Mansour's professional career, as he unable to apply for various research grants because he is not a permanent resident of the United States.

29.  Finally, the Defendants' failure to perform their statutory and regulatory duties is delaying the Plaintiffs' ability to apply for citizenship, and delaying their ability to exercise the benefits of citizenship, including the ability to vote, obtain federal jobs, and sponsor other family members for immigration.

**Count Two – Administrative Procedures Act, 5 U.S.C. §§ 555 (b), 701 et seq.**

30. The Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29 above as though fully set forth herein.

31. The Defendants' failure to process and complete adjudication of Plaintiffs' I-485 applications is in violation of the Administrative Procedures Act. The Defendants are unlawfully withholding and unreasonably delaying final adjudication of these applications, and have failed to carry out the adjudicative functions delegated to them. Defendants' actions are arbitrary and capricious, and not in accordance with law.

**Count Three – Equal Access to Justice Act**

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 above as though fully set forth herein.

33. If they prevail, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## **PRAYER**

**WHEREFORE**, Plaintiffs request the Court to grant the following relief:

(1) Accept and maintain continuing jurisdiction of this action.

(2) Order the Defendants to complete any pending security checks and adjudicate Plaintiff's pending I-485 applications within thirty (30) days of this Court's order.

(3) Award Plaintiffs' the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act.

(4) Provide such relief as the Court may deem proper and appropriate.

Dated: February 8, 2008

Respectfully submitted,

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Ste. 775
Washington, D.C. 20036
Phone: (202) 483-0053
Fax: (202) 483-6801
tragland@maggio-kattar.com

-13-

## VERIFICATION

I, MOUSSA CHAFIC MANSOUR, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint for Declaratory Relief in the Nature of Mandamus upon information and belief.

Dated: 1/15/08

Place: Newton, MA

_____
MOUSSA CHAFIC MANSOUR

## VERIFICATION

I, DANIA MOHAMAD GHALEB ALI AHMAD, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint for Declaratory Relief in the Nature of Mandamus upon information and belief.

Dated: 1/15/2008

Place: Newton, MA

_____
DANIA MOHAMAD GHALEB ALI AHMAD

| | | | |
|---|---|---|---|
| **RECEIPT NUMBER** EAC-05-039-51345 | | **CASE TYPE** I140 IMMIGRANT PETITION FOR ALIEN WORKER | |
| **RECEIPT DATE** November 26, 2004 | **PRIORITY DATE** November 22, 2004 | **PETITIONER** MASSCHUSETTS GENERAL HOSPITAL | |
| **NOTICE DATE** January 18, 2005 | **PAGE** 1 of 1 | **BENEFICIARY** A73 024 009 MANSOUR, MOUSSA C. | |

CARL SHUSTERMAN
LAW OFFICES OF CARL SHUSTERMAN
624 S GRAND AVE SUITE 1608
LOS ANGELES CA 90017

Notice Type: Approval Notice
Section: Outstanding Professor or Researcher, Sec.203(b)(1)(B)

The above petition has been approved. The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



EXHIBIT 1 - I-140 APPROVAL NOTICE

Form I-797 (Rev. 08/31/04) N

# U.S. [Department of Justice / Immigration]

| | |
|---|---|
| **RECEIPT NUMBER** EAC-05-039-51352 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| **RECEIVED DATE** November 22, 2004 | **PRIORITY DATE** | **APPLICANT** A73 024 009 MANSOUR, MOUSSA C. |
| **NOTICE DATE** November 26, 2004 | **PAGE** 1 of 1 | |

CARL SHUSTERMAN
LAW OFFICES OF CARL SHUSTERMAN
624 S GRAND AVE SUITE 1608
LOS ANGELES CA 90017

Notice Type: Receipt Notice

Amount received: $ 385.00
Section: Adjustment as direct beneficiary of immigrant petition

Receipt notice - If any of the above information is incorrect, call customer service immediately.

Processing time    Processing times vary by kind of case.
  - You can check our current processing time for this kind of case on our website at uscis.gov.
  - On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
  - Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
  - We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
  - Processing times can change.  If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service.  Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available.  Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States.  Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending.  If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283

*[handwritten: EXHIBIT 2- I-485 RECEIPT FOR DR. MOUSSA MANSOUR]*

Form I-797C (Rev. 08/31/04) N

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER** <br> EAC-05-039-51395 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| **RECEIVED DATE** <br> November 22, 2004 | **PRIORITY DATE** | **APPLICANT** A74 774 695 <br> ALI AHMAD, DANIA M. |
| **NOTICE DATE** <br> November 26, 2004 | **PAGE** <br> 1 of 1 | |

CARL SHUSTERMAN
LAW OFFICES OF CARL SHUSTERMAN
624 S GRAND AVE SUITE 1608
LOS ANGELES CA 90017

Notice Type: Receipt Notice

Amount received: $ 385.00

Section: Derivative adjustment

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
  - You can check our current processing time for this kind of case on our website at **uscis.gov**.
  - On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
  - Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
  - We will notify you by mail when we make a decision on this case, or if we need something from you.
  - If you move while this case is pending, call customer service when you move.
  - Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283

Form I-797C (Rev. 08/31/04) N

*[Handwritten:]* EXHIBIT 2 - I-485 RECEIPT FOR DR. DANIA ALI AHMAD

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS
Moussa Chafic MANSOUR, Dania Mohamad Ghaleb ALI AHMAD

88888

## DEFENDANTS
Emilio T. GONZALEZ, U.S. Citizenship and Immigration Services; Robert S. MUELLER, Federal Bureau of Investigation; Michael CHERTOFF, U.S. Department of Homeland Security

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
(202) 483-0053

Case: 1:08-cv-00306
Assigned To : Lamberth, Royce C.
Assign. Date : 2/21/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊙ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  ○ G. *Habeas Corpus/ 2255*                                            | ○ H. *Employment Discrimination*                                                                                                                                               | ○ I. *FOIA/PRIVACY ACT*                                                                     | ○ J. *Student Loan*                                                    |
| ---------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------- | ---------------------------------------------------------------------- |
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence            | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)*      | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans)         |

| ○ K. *Labor/ERISA (non-employment)*                                                                                                                                                | ○ L. *Other Civil Rights (non-employment)*                                                                                                                                      | ○ M. *Contract*                                                                                                                                                                                                                                                                                | ○ N. *Three-Judge Court*                               |
| ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------ |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act)       |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1361; 28 U.S.C. §1331; 5 U.S.C. §555(b) and §702. Complaint to compel Defendants to adjudicate Plaintiff's adjustment of status application.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  2/8/08    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

21

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.